UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| COVES OF THE HIGHLAND COMMUNITY DEVELOPMENT DISTRICT | CIVIL ACTION |
| VERSUS | NO. 09-7251, c/w 10-1437 |
| MCGLINCHEY STAFFORD PLLC, ET AL. | SECTION "N" (4) |

## ORDER AND REASONS

On October 6, 2010, this Court heard oral argument on McGlinchey Stafford PLLC's Motion to Dismiss the Amended Complaint (Rec. Doc. 45). At the conclusion of that hearing the undersigned granted the motion in part (as to the PSLRA claim), and took that part relating to the state law claims under submission. After considering the memoranda filed by the parties, the arguments made by the parties at oral argument, and the applicable law,

**IT IS ORDERED** that the remainder of **McGlinchey Stafford PLLC's Motion to Dismiss the Amended Complaint (Rec. Doc. 45)** (relating to the state law claims) is **DENIED IN PART and GRANTED IN PART,** for the following reasons.

The pleading requirement for these state law claims (causes of action for legal malpractice, negligence, negligent misrepresentation, and breach of fiduciary duty) is less stringent than for a federal securities act claim. For instance, in Louisiana, negligent misrepresentation cases are evaluated using the duty-risk analysis. *Daye v. General Motors*

*Corp.*, 720 So. 2d 654, 659 (La. 1988). The Louisiana Supreme Court has stated that the tort of negligent misrepresentation encompasses "representations made . . . with an honest belief in its truth," which result in harm to a third party because of the tortfeasor's lack of reasonable care in ascertaining or communicating the facts. *Barrie v. V.P. Exterminators, Inc.*, 625 So. 2d 1007, 1011 (La. 1993).

At this early stage in the proceeding, the Court concludes that Plaintiff has, at least minimally, stated state law claims upon which relief may be granted. Plaintiff asserts that because McGlinchey Stafford was acting as its counsel in the bond issuance and opined on the validity of the bonds and the security for the bonds (i.e, the development), McGlinchey Stafford had a duty to conduct a reasonable investigation into the facts supporting the opinions in its opinion letters (including a duty to perform environmental due diligence). Specifically, in the Amended Complaint, Plaintiff asserts that several verbal statements were made by McGlinchey Stafford attorneys, wherein they promised to "guide and oversee the entire process" and "to ensure that all necessary work was performed for the project..." (Rec. Doc. 33, ¶ 2). Plaintiff claims that it relied on those promises. (*Id.*). Plaintiff also asserts that McGlinchey Stafford determined that it would perform no environmental due diligence and also did not advise or direct anyone associated with the Project to conduct such an assessment (Rec. Doc. 33, ¶ 4). Plaintiff further asserts that had McGlinchey Stafford performed a basic environmental assessment, it would have discovered that the Project site lay within the bounds of a historic bombing range. (Rec. Doc. 33, ¶7).

While there are other documents (such as the written engagement letter - Exhibit A to

Rec. Doc. 33)[1], which purport to outline the scope of McGlinchey Stafford's representation and which seem to contradict or undermine these allegations, the Court concludes that the allegations that have been pled are sufficient to create some question as to the scope of the McGlinchey Stafford representation, for purposes of this Motion to Dismiss.  That said, the Court is, at this point, skeptical of the expanded scope of McGlinchey Stafford's representation (i.e., any such representation beyond the terms of the engagement letter).  The Court would welcome an appropriately-supported motion for summary judgment, filed after conducting sufficient discovery, on the issue of what McGlinchey Stafford's task was during the course of its representation.[2]

Last, as for the arguments regarding the timeliness of Plaintiff's state law claims[3], the

---

[1] The McGlinchey Stafford opinion letters, attached to the Amended Complaint as Exhibit C, D, and E, incorporate by reference Exhibit 4 to Rec. Doc. 45 (i.e., the document from Bodin & Webb, Inc., signed by Mr. William J. Bodin, Jr).  In that exhibit, at ¶ 2 of the "Certificate of Engineer", Mr. Bodin himself states to McGlinchey Stafford, *inter alia*, that "[a]ll governmental approvals required to complete the acquisition and installation of the Series 2006 Project have been obtained or are obtainable in due course."  Moreover, in ¶ 7, Bodin states, "[t]he Underwriters, the District Manager, McGlinchey, and the initial purchasers of the Series 2006 Bonds are authorized and entitled to rely on the Engineer's Report to the same extent as if such report had been originally addressed to said party."  This statement seems to expressly create a duty on behalf of Bodin to provide accurate information to McGlinchey Stafford, and thus, to the extent that McGlinchey Stafford might be held liable for any misstatements or misrepresentations based upon the Engineer's Report, an independent duty between Bodin & Webb, and Mr. Bodin, to McGlinchey Stafford, may exist.  However, at this juncture, no third party demand has been filed.

[2] Notably, McGlinchey Stafford was not general counsel for Plaintiff; that role was filled by Mr. Cashe and his law firm.

[3] Specifically, McGlinchey Stafford asserts that Plaintiff filed suit too late to allege the remaining claims of legal malpractice, negligence, breach of fiduciary duty, and negligent misrepresentation against it for allegedly failing to conduct "environmental due diligence" in connection with the bond proposal documents. McGlinchey Stafford argues that Plaintiff "should have discovered" whether McGlinchey Stafford did or did not perform the environmental investigation by November 8, 2006, when it warned the public of the risk involved with

3

Court concludes that any alleged tort (including any alleged misrepresentations, errors, omissions, or misstatements of fact upon which Plaintiff relied to its detriment, which occurred prior to November 10, 2006 (three years prior to the date suit was filed)), are barred by peremption, and <u>cannot be relied upon by plaintiff as the basis for liability</u>. La. R.S. § 9:5605 sets forth the applicable peremptive period for claims against attorneys:

> No action for damages against an attorney at law. . . whether based upon tort, or breach of contract, or otherwise arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

La. R.S. §5:5605(A). "The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended." La R.S. §5:5605(B).

While the three opinion letters are dated the week after November 10, 2006, the Amended Complaint asserts a course of communication between McGlinchey Stafford lawyers and Plaintiff beginning as early as March of 2006. Thus, all claims relating to anything McGlinchey Stafford did between March of 2006 and November 10, 2006 are barred by the three-year peremptive period of La. R.S. 9:5605, which cannot be suspended or interrupted, even

---

Plaintiff's non-compliance with environmental laws as well, as knowing the contents of McGlinchey Stafford's opinion letters. Plaintiff, on the other hand, asserts that the opinion letters in which McGlinchey Stafford allegedly made the misleading statements and omissions were dated November 15 and 16, 2007. Because Plaintiff filed its Complaint on November 10, 2009, it asserts that the three-year requirement in La. R.S. §9:5605 is satisfied.

if damages were not known until sometime thereafter. Thus, any such alleged wrongdoings cannot be relied upon by plaintiff as the basis for liability. Accordingly, the remainder of this motion is granted to this extent. In all other respects, the Court will entertain a later-filed and properly supported motion for summary judgment on remaining prescription/peremption issues, should relevant discovery indicate such motion is warranted.

New Orleans, Louisiana, this 21st day of October, 2010.

_____
KURT D. ENGELHARDT
United States District Judge