UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **COVES OF THE HIGHLAND COMMUNITY DEVELOPMENT DISTRICT** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-7251** |
| **MCGLINCHEY STAFFORD, P.L.L.C., ET AL.** | **SECTION: "N" (4)** |

### ORDER

Before the Court is **Plaintiff's Motion to Fix Attorney Fees (R. Doc. 163)** filed by Plaintiff Coves of the Highland Community Development District ("Plaintiff") seeking an order from this Court granting it $1,170.00 in attorney's fees. Defendant McGlinchey Stafford, P.L.L.C. ("Defendant") opposes the motion. (R. Doc. 168.) The motion was heard on the briefs on November 9, 2011.

### I.     Factual Background

This lawsuit is the result of a $7,695,000.00 bond issuance for a planned residential community which failed due to is location, which was allegedly a former bombing, rocket, and gunnery range. Plaintiff filed suit against multiple Defendants to recover damages allegedly arising from Defendants' securities fraud, professional malpractice, negligence, and negligent misrepresentation. (R. Doc. 1, *Claims for Relief*.) Soon after Plaintiff issued bonds to fund the planned residential community, the U.S. Army Corps of Engineers issued a public notice in which it revealed that the property was part of a World War II bombing, rocket, and gunnery range, and was the subject of an active investigation. (R. Doc. 33, ¶ 55.) As a result, Plaintiff was unable to

secure permits or sell lots on the property, and defaulted on its issued bonds. (R. Doc. 33, ¶ 76.) Plaintiff subsequently filed suit against several of the parties involved in the bond issuance, including Defendant, who served as counsel to Plaintiff in connection with its bond issuance. (R. Doc. 33, ¶¶ 1, 19-23, 39.)

During the course of the litigation, Plaintiff deposed a number of witnesses, including J. Patrick Beauchamp ("Beauchamp"), a partner in the law firm. Plaintiff later filed a motion to compel with this Court, seeking an order compelling Mr. Beauchamp to respond to certain questions posed to him during his deposition. (R. Doc. 105.) On October 7, 2011, this Court granted in part Plaintiff's motion to compel and awarded Plaintiff reasonable costs, including attorney's fees. (R. Doc. 146.) The award was made pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(5)(C). (R. Doc. 146, p. 9.) The order required Plaintiff to fix attorney's fees into the record by October 21, 2011, along with the required documentation. (R. Doc. 146, p. 10.)

As to the instant motion, Plaintiff seeks to recover attorney's fees for time spent by its attorneys in connection with the motion to compel. Plaintiff contends it incurred $1,170.00 in attorney's fees. (R. Doc. 163-1, p. 1.)

Defendant opposes the motion and argues that Plaintiff's request for $1,170.00 in attorney's fees should be denied because it did not adequately support the requested amount. Interestingly, a large portion of Defendant's opposition is devoted to the underlying facts of the motion to compel and whether Plaintiff should be granted attorney's fees at all - issues that are not currently before the Court.

**II.   Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting

2

point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.2d 319, 324 (5th Cir. 1995). After determining the lodestar, the Court must consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.*

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

    **A.   Determining a Reasonable Hourly Rate**

The first step in calculating the lodestar amount is determining the reasonable hourly rate. In the Fifth Circuit, a reasonable hourly rate is derived by "consider[ing] the attorneys' regular rates as well as prevailing [market] rates." *La. Power & Light Co.*, 50 F.2d at 328.

Here, Plaintiff seeks to recover fees for work performed by attorneys James F. Willeford and

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

3

Reagan Toledano of the Willeford Law Firm, at a requested rate of $300.00 per hour.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896, n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439, n. 15.

Where "an attorney's customary billing rate is the rate at which the attorney requests the lodestar to be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. When that rate is not contested, it is *prima facie* reasonable." *La. Power & Light*, 50 F.3d at 328.

    **1.**    **James F. Willeford**

In support of its motion, Plaintiff attached Mr. Willeford's affidavit. Mr. Willeford is the managing partner of the Willeford Law Firm. (R. Doc. 163-2, p. 1.) According to his affidavit, Mr. Willeford has been practicing for thirty-nine years, and is licensed in the State of Louisiana and Texas. (R. Doc. 163-2, p. 1.) Mr. Willeford's practice is devoted to business, securities, and ERISA litigation. (R. Doc. 163-2, p. 1.) Mr. Willeford states that his firm's usual hourly rate in cases like the instant matter is $300 per hour. (R. Doc. 163-2, p. 1.) Mr. Willeford contends that he is familiar with the hourly rates charged by similar attorneys in the New Orleans area, and arrived at this rate

by reviewing the market through conversations with other attorneys. (R. Doc. 163-2, p. 1.)

In opposition, Defendant argues that Plaintiff has failed to provide sufficient evidence that the requested hourly rate is reasonable.

Plaintiff has not provided this Court with evidence that it actually paid the Willeford Law firm $300.00 per hour for the work that Mr. Willeford performed. Further, Mr. Willeford's affidavit does not address his education, skills, and experience as ordered by this Court. Instead, Mr. Willeford directs this Court to his law firm's website. The Willeford Law Firm's website states that Mr. Willeford is a 1973 graduated of Louisiana State University's Law Center, and that he has more than thirty-five years of experience in securities arbitration and litigation, trust litigation, complex business litigation, and disability law.[2] However, beyond, Mr. Willeford's contention that he is "familiar" with the hourly rates charged in the area because he talks to other attorneys, Plaintiff has failed to provide the Court with sufficient evidence or case law to support his position that $300.00 per hour is in line with prevailing rates in the community for similar services by attorneys of reasonable comparable skill, experience, and reputation.

Mere testimony that a given hourly rate is reasonable is not satisfactory evidence of a market rate. *Hensley*, 461 U.S. at 439, n.15. While rates may be adduced through opinion evidence, the weight to be given to opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988).

However, given Mr. Willeford's thirty-nine years of experience, and the prevailing market

---

[2]http://www.willefordlaw.com/Our-Attorneys/James-F-Willeford.shtml.

rates for legal services in this area, the Court finds that the rate of $300.00 per hour is appropriate and reasonable.  *See Hornbeck Offshore Servs., L.L.C. v. Salazar*, No. 10-1663, 2011 U.S. Dist. LEXIS 59846, *29-31 (E.D. La. June 1, 2011) (Wilkinson, M.J.) (granting local partner-level attorneys rates between  $300 and $420 per hour);*Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, No. 09-3822, 2010 U.S. Dist. LEXIS 83251, at *13 (E.D. La. July 12, 2010) (Roby, M.J.) (awarding a rate of $300.00 per hour for work performed by a local partner-level attorney on a motion to compel); *Hebert v. Rodriguez*, No. 08-5240, 2010 U.S. Dist. LEXIS 65830, at *6 (E.D. La. June 8, 2010) (Barbier, J.), *aff'd*, No. 10-30489, 2011 U.S. App. LEXIS 9639, at *3 (5th Cir. May 10, 2011) (awarding $300.00 per hour to "a seasoned civil rights attorney with over thirty-three years of experience"); *Braud v. Transp. Serv. Co.*, No. 05-1898, 2010 U.S. Dist. LEXIS 93433, at *43 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (finding that hourly rates of $200 for attorney with thirty years of experience are within the low end of the range of the market rate in this area and are reasonable).  The Court therefore finds that the hourly rate requested for Mr. Willeford is reasonable.

### 2. **Reagan Toledano**

Plaintiff has failed to provide the Court with any information about Mr. Toledano's education, background, skills, and experience, as ordered.  Nor has Plaintiff provided the Court with proof that $300.00 per hour is a reasonable hourly rate.  Indeed, Mr. Willeford's affidavit does not make mention of Mr. Toledano, or his education, background, skills, and experience.  The only reference to Mr. Toledano is found in the billing records where his initials "RT" are found.  Accordingly, the rate requested for work performed by Mr. Toledano - $300 per hour - is unreasonable, and his time entry is eliminated.

### B.    Determining the Reasonable Hours Expended

After determining a reasonably hourly rate, the Court must calculate the number of hours reasonably expended. *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997). The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner*, 129 F.3d at 822; *Walker v. United States Dep't of Housing & Urban Dev.,* 99 F.3d 761, 770 (5th Cir.1996).

Mr. Willeford's affidavit states that his law firm devoted a total of 3.9 hours to Plaintiff's motion to compel. (R. Doc. 163-2, p. 1.) Indeed, a review of the billing records submitted to the Court reveals that Mr. Willeford worked 3.2 hours, while Mr. Toledano worked 0.7 hours on the motion. (R. Doc. 163-3, p. 1.)

In opposition, Defendant argues that the number of hours expended by Mr. Willeford is excessive. Defendant contends that the amount of time Mr. Willeford spent preparing for and attending the hearing on the motion to compel - 2.5 hours - is unreasonable as the hearing only took twenty-eight minutes.

Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Id.* (*citing Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended.

*Id.* Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court finds that Plaintiff has exercised billing judgement. Plaintiff's time records include time spent (1) conferring with co-counsel regarding the motion to compel, (2) writing, editing, and filing the motion to compel and attachments; and (3) preparing for and attending the hearing. (R. Doc. 163-3, p. 1.) The Court does not find any of the time expended by Mr. Willeford to be excessive, duplicative. Nor does the Court find the number of hours expended by Mr. Willeford to be unreasonable.

However, because Plaintiff has failed to provide the Court with any information about Mr. Toledano, as ordered, his time entry is eliminated. Accordingly, the reasonable amount of attorney's fees awarded to Plaintiff is $960.00.

### C. Adjusting the Lodestar

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998).

The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward departure here.

### IV. <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that **Plaintiff's Motion to Fix Attorney Fees (R. Doc. 163)** is hereby **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Plaintiff is awarded $960.00 in attorney's fees;

**IT IS FURTHER ORDERED** that Defendant shall satisfy its obligation to Plaintiff no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of January 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**